IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. OASIS PROJECTS, L.L.C. )<br>)<br>Plaintiff, )<br>v. )<br>)<br>1. ZURICH AMERICAN INSURANCE )<br>    COMPANY, and )<br>)<br>2. MARYLAND CASUALTY COMPANY )<br>)<br>Defendants. ) | Case No. CIV-2013- |

## COMPLAINT

In support of its lawsuit, plaintiff states as follows:

1. Plaintiff brings this lawsuit in an effort to help protect Oklahoma citizens and small businesses from mistreatment by property and casualty insurers with respect to first party property damage claims and to enforce its own rights under Oklahoma law to recover benefits due according to its insurance policy with the Defendants and actual and punitive damages relative to the defendants' bad faith conduct.

### Parties

2. Plaintiff Oasis Projects, L.L.C., (herein "Oasis") is an Oklahoma limited liability company, incorporated in the State of Oklahoma.

3. Defendant Zurich American Insurance Company (herein "Zurich") is a foreign for-profit-insurance corporation, incorporated in the state of New York, with its

administrative offices located in Schaumburg, Illinois.

4. Defendant Maryland Casualty Company (herein "MCC") is a foreign for-profit-insurance corporation, incorporated in the State of Maryland, with its principle place of business is in Schaumburg, Illinois.

5. Defendant MCC is a wholly-owned subsidiary of the Defendant Zurich American Insurance Company.

6. Defendants are licensed to conduct business in the State of Oklahoma and may be served with process through the Okla. Dept. of Insurance.

7. This action is not related to any other case filed in this court, as far as the plaintiffs are aware.

## Jurisdiction

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity between the plaintiff and the defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## Operative Facts

9. At all times material hereto Plaintiff owned property located at 6317 N.W. 23rd Street, Bethany, Oklahoma, 73008, which was insured pursuant to the terms and

conditions of an insurance policy issued and administered by Defendants Zurich and Maryland Casualty Company, i.e., Policy Number PAS 05231339 (herein the "Policy").

10. The Policy is an all risk policy.

11 The Policy provides that covered causes of loss include all *"RISKS OF DIRECT PHYSICAL LOSS OR DAMAGE unless the loss or damage is excluded or limited"*.

12. Upon notice of a claim, the Policy requires defendants to conduct a prompt investigation.

13. The terms of the Policy also require Defendants to conduct a fair and reasonable investigation of any damage to the insured premises that plaintiff indicates may have been caused by a risk of physical loss.

14. Pursuant to the Policy, Defendants are obligated to be honest and forthright with plaintiff and plaintiff's representatives relative to any claim made.

15. Defendants are required under the Policy and applicable claim handling standards to look for and find coverage under the Policy whenever investigating or inspecting plaintiff's property.

16. And the Policy requires full, fair, and prompt payment of any losses caused by a risk of loss unless specifically excluded or limited by the terms of the Policy.

17. On or about May 31, 2013, a wind, hail, and rain storm (herein the "Storm") caused damage to the Plaintiff's building located at 6317 N.W. 23rd Street, Bethany,

Oklahoma, 73008 (herein the "Building").

18. Wind knocked down a tree which landed on the Building.

19. Branches and leaves from the fallen tree clogged the scuppers on the roof of the Building.

20. As a result of the scuppers being clogged, rain water pooled on the roof of the Building.

21. The fallen tree and the weight of the water caused a storm related opening (i.e., the roof deflected from the additional weight, causing a separation between certain equipment on the roof and the curb it was sitting on) through which rain water entered the Building.

22. The water damaged various portions of the Building, fixtures, and other property.

23. Also, hail damage on the Building is significant and evident. Either the Storm caused the hail damage or another one of the recent hail storms within the Policy period caused such damage.

24. Upon discovering the Storm damage to the Building, Plaintiff timely filed a claim pursuant to the Policy, i.e., Claim No. 8001600280-1-2 (herein the "Claim").

25. At all material times, plaintiff complied with the terms and conditions of the Policy with respect to the Claim.

26. Defendants inspected the Building shortly after the Storm.

27.     Upon inspection, Defendants informed plaintiff that the evident hail damage to the Building was covered and payment would be made for at least the hail damage.

28.     However, on about June 4, 2013, Defendants denied the Claim entirely.

29.     Subsequent to receiving Defendants' denial letter, Plaintiff requested reconsideration and informed of the inaccuracies about the June 4, 2013, denial letter.

30.     Plaintiff provided ample information to Defendants to prove their June 4th denial of the Claim was not in keeping with the Policy terms.

31.     However, defendants continued to engage in substandard claims handling and confirmed their wrongful denial of the Claim via a letter dated August 6, 2013.

32.     There is no exclusion or limitation that supports Defendants' denial of the Claim.

33.     Defendants have paid no money to plaintiff for any of the damage to the Building as a result of the Storm.

34.     Defendants' denial of the Claim constitutes a breach of the insurance contract between the parties.

35.     Defendants also breached the parties' contract by engaging in other acts during its handling of Plaintiff's Claim that are contrary to the Policy and the laws of Oklahoma, including but not limited to, refusing to perform a reasonable investigation, failing to fairly evaluate the information available to them, engaging in deceit, and misrepresenting the meaning and effect of certain Policy language.

36. Defendants are stuck with their June 4th and August 6th denial letters. That is, defendants are not allowed to "mend-the-hold" or bring up new information to argue or assert additional or different reasons as to why they denied the Claim.

37. Not only have the defendants breached the Policy, but they also have engaged in bad faith.

38. Under Oklahoma law, Defendants owe plaintiff the duty of good faith and fair dealing relative to all aspects in the handling of plaintiff's Claim.

39. Defendants are liable for harms and losses caused by any breach of the duty of good faith and fair dealing.

40. One aspect of the duty of good faith and fair dealing requires an insurer to conduct a reasonable investigation whenever its insured makes a claim.

41. Another aspect of the duty of good faith and fair dealing requires insurers to fairly evaluate available information and evidence, and then act appropriately in response to the available information and evidence.

42. Another aspect of the duty of good faith and fair dealing requires an insurer to be honest and straightforward about the meaning and/or effect of policy terms, and not make inaccurate statements or attempt to mislead claimants about such matters.

43. And yet another aspect of the duty of good faith and fair dealing prohibits an insurer from making false assertions about matters relative to a claim without having knowledge about the truth about such matters.

44. To meet its duty of good faith and fair dealing with regard to the Claim defendants were required to reasonably and fairly investigate whether there was a storm related opening which allowed water to enter the Building.

45. Instead of investigating the facts and circumstances about how water entered the Building, Defendants sought to gather selective information and opinions to support a denial of the Claim.

46. For example, Defendants failed to take reasonable actions to identify and evaluate whether the roof of the Building sustained a storm related opening by, *inter alia*, failing to look for structural damage about the roof.

47. In fact at least one of the trusses about plaintiffs' roof had visible damage to it, i.e., it was bent from the deflection of the roof.

48. Had defendants incorporated reasonable efforts to investigate whether plaintiffs' roof had sustained a storm related opening, defendants would have visibly observed damage about the trusses.

49. Not only did defendants unreasonably fail to look, but also defendants unreasonably failed to listen.

50. Defendants ignored, without any justification, pertinent eye witness testimony, and an engineering analysis provided to them.

51. Witness Tony Webb expressed to Defendants' representatives that he saw water enter an opening caused by the roof of the Building deflecting, and that he heard and

felt the roof move back into position when the weight of the water decreased as the rain water flowed off of the roof after the scuppers were unclogged.

52. Defendants ignored Mr. Webb's testimony without any justification.

53. Failing to account for and rule out the most likely cause of how rain water entered the Building as described by eye witness Tony Webb was unreasonable.

54. Also, Plaintiff obtained and presented to defendants a report by a structural engineer named Robert Zahl, in which Mr. Zahl identified the dynamic by which rain water entered the Building.

55. Engineer Robert Zahl's inspection revealed that the weight of the water caused the roof to deflect which created an opening between an equipment curb on the roof and the ventilation equipment on it.

56. Without any justification, Defendants ignored the Zahl report, and did nothing to rule out the mechanism by which water entered the Building described by Mr. Zahl.

57. Failing to account for and rule out the most likely cause of how rain water entered the Building as described in Mr. Zahl's report was unreasonable, especially given Mr. Zahl's qualifications, experience, and quality of report.

58. Defendants relied on biased and incomplete information to make spurious argument as to how water entered the Building, i.e., Defendants asserted that rain water entered through a "wear and tear crack". Such conclusion ignored visible damage to

trusses about the roof, directly contradicted testimony of eye witnesses Tony Webb, contradicted the Zahl report, and violated common sense.

59. Defendants also violated their duty of good faith and fair dealing by setting forth policy terms in their denial letters and other correspondence in a fashion to persuade plaintiff that those provisions meant there was no coverage for plaintiff's losses when in fact such policy terms are unmistakably irrelevant or inapplicable to any reasonable analysis of the Claim.

60. Defendants also violated their duty of good faith and fair dealing by representing that the Oklahoma Department of Insurance agreed with their analysis of the Claim when in fact the Oklahoma Department of Insurance never took any position about the quality or correctness of Defendants' claim handling.

61. Defendants made such representation without any knowledge of its truthfulness, and as such attempted to deceive plaintiff about the Claim.

62. The unreasonable conduct of the Defendants in the handling of Plaintiff's Claim was willful and wanton or committed with such a reckless disregard to the rights of Plaintiff that punitive damages are warranted.

63. As a result of the Defendants' breach of the insurance policy and their breach of the duty of good faith and fair dealing, plaintiff has incurred financial and consequential damages.

64. Defendants have a continuing duty of good faith and fair dealing, which they

continue to breach.

65. Plaintiff hereby requests that the matters set forth herein be determined by a jury.

## Prayer

66. Wherefore, Plaintiff hereby seeks judgment in its favor and against the Defendants in an amount in excess of $75,000.00, for actual and punitive damages, costs, interest, attorney fees, and any other relief that the Court may during this lawsuit find appropriate.

Respectfully submitted,

S/Timothy B. Hummel
Timothy B. Hummel, OBA # 16511
500 West Main Street, Suite 102
Oklahoma City, Oklahoma 73102
(405) 319-0300 telephone
(405) 319-0350 facsimile
tim@hummellawoffice.com
Attorney for Plaintiff

Attorney Lien claimed